933 F.2d 904
 David Alan GORE, Petitioner-Appellant-Cross-Appellee,
v.
Richard L. DUGGER, Secretary, Florida Department of
Corrections, Respondent-Appellee-Cross-Appellant.
 No. 89-4026.
 United States Court of Appeals,
Eleventh Circuit.
 May 29, 1991.
 
 Billy Nolas, Julie D. Naylor, Tallahassee, Fla., for petitioner-appellant, cross-appellee.
 Ralph Barreira, Asst. Atty. Gen., Miami, Fla., for respondent-appellee, cross-appellant.
 Appeals from the United States District Court for the Middle District of Florida.
 Before TJOFLAT, Chief Judge, and FAY and JOHNSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The district court granted partial relief in this petition filed pursuant to 28 U.S.C. Sec. 2254. The state appeals the granting of relief. The petitioner cross-appeals the denial of relief as to those claims found to be without merit. We affirm.
 
 
 2
 Petitioner was convicted of first degree murder, two counts of kidnapping, and three counts of sexual battery. He was sentenced to death for the first degree murder count. Sentences of life imprisonment were imposed on the kidnapping and sexual battery counts. These convictions and sentences were affirmed on appeal, and petitioner's post-conviction remedies under state law have been exhausted.
 
 
 3
 On consideration of Gore's habeas corpus petition, the district court conducted a detailed analysis of each of the seventeen claims presented and entered a comprehensive and scholarly Memorandum Opinion published at 763 F.Supp. 1110 (M.D.Fla.1989). We agree with the findings and conclusions of the district court as set forth in its opinion.
 
 
 4
 We clarify our ruling, however, in one regard. Gore claimed that his rights under the sixth, eighth, and fourteenth amendments were violated when the state trial court precluded him from presenting certain mitigating evidence to the sentencing jury in violation of Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987) and Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978) (plurality opinion).[1] The district court agreed. However, it then went on to recognize that under the law of our circuit such a violation is subject to the harmless error doctrine. See Jones v. Dugger, 867 F.2d 1277, 1279 (11th Cir.1989). The district court discussed and analyzed all of the recent opinions of our court, and drew certain conclusions about the scope of this harmless error doctrine when applied in Lockett/Hitchcock situations.
 
 
 5
 It seems apparent from the number of various opinions, special concurrences, and dissents written by the judges of our court that some disagreement remains with respect to the issue of the scope of the harmless error doctrine in such situations. However, in this matter, we need not wrestle with such larger questions. This panel unanimously agrees that under the circumstances of this particular trial, the omission of the nonstatutory mitigating evidence in violation of the Lockett/Hitchcock principle cannot be found to be harmless. We therefore AFFIRM the judgment of the district court, but decline to adopt its conclusions regarding the scope of the harmless error doctrine when applied in Lockett/Hitchcock situations.
 
 
 
 [1]
 Under Hitchcock and Lockett, the eighth amendment requires that a capital sentencing jury "not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record that the defendant proffers as a basis for a sentence less than death." Jones v. Dugger, 867 F.2d 1277, 1279 (11th Cir.1989) (emphasis in original) (citations omitted)